UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KEVIN BOZEMAN ) | CASE NO.: 07-10460(1)(7) |
| ) | |
| Debtor ) | |
| ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Objection to Claim of Exemption filed by Creditor Gwendolyn Harris and the Objection to Claim of Exemption filed by Creditor Karen Bozeman. The Court considered the filings of both Creditors, the Response of the Debtor Kevin Bozeman ("Debtor"), the Reply of the Debtor and the comments of counsel for all parties at the hearing held on the Objections. For the following reasons, the Court **OVERRULES** the Objections.

## LEGAL ANALYSIS

The Creditors are both former spouses of the Debtor. Each holds domestic support obligations against the Debtor as that term is defined in 11 U.S.C. §101(14)(A).[1] The Creditors object to all of the Debtor's claimed exemptions under 11 U.S.C. §522(c)(1). That section of the statute provides as follows:

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except –
>
> > 1) a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable non-

---

[1] See Objection to Claim of Exemption of Creditor Karen Bozeman, Dk. #29 and Objection to Claim of Exemption of Creditor Gwendolyn Harris, Dk. #34 for a detailed description of the events giving rise to the domestic support obligations.

>bankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in section 523(a)(5);

Both creditors claim that pursuant to this statute they are entitled to object to the Debtor's exemptions.

Section 522(c)(1) was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. In the group of cases recently decided interpreting this provision, Chapter 7 Trustees had objected to debtors exemptions on the basis of this statute. In each case, the objection was overruled. See, In re Waters, 2007 WL 1834901 (Bankr. N.D. Ala. 2007); In re Vandeventer, 368 B.R. 50 (Bankr. C.D. Ill. 2007); In re Quezada, 368 B.R. 44 (Bankr. S.D. Fla. 2007); In re Ruppel, 368 B.R. 42 (Bankr. D. Or. 2007); In re Covington, 368 B.R. 38 (Bankr. E.D. Cal. 2006). These courts interpreted §522(c)(1) to mean that holders of domestic support obligations are not barred by federal bankruptcy law from pursuing exempt assets to satisfy their claims. However, §522(c)(1) does not limit a debtor's right to claim the exemption. Id. This Court agrees with this analysis and therefore, the objections must be overruled.

Creditor Bozeman also objects to Debtor's claimed exemption in the Debtor's General Motors Personal Savings Plan/401k Plan because there is no evidence that this is a qualified pension plan. The Debtor claims that he has requested documentation of the plan from General Motors and will supplement the record with this documentation when it is received. To date, no such supplement has been filed. The Court has not yet held a hearing on this issue and will by separate order schedule this issue for a hearing.

## **CONCLUSION**

For all of the above reasons, the Objections to Claimed Exemptions of Creditor Gwendolyn Harris and Creditor Karen Bozeman are **OVERRULED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KEVIN BOZEMAN ) | CASE NO.: 07-10460(1)(7) |
| ) | |
| Debtor ) | |
| ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Claimed Exemption of Creditor Gwendolyn Harris and the Objection to Claimed Exemption of Creditor Karen Bozeman, be and hereby are, **OVERRULED.**